IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MILLARD J. NEELY, | § |
| Plaintiff, | § § § |
| v. | § Civil Action No. 3:07-CV-1344-D § § |
| KIRAM KHURANA, et al., | § § |
| Defendants. | § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Order of Reference,* filed March 3, 2008, the *Motion to Dismiss, or in the Alternative, Motion to Quash Process and Service of Process Regarding Dr. Kiran Khurana, M.D.*, filed February 26, 2008, has been referred for hearing, if necessary, and recommendation. For the reasons stated herein, the Court recommends that the motion be **GRANTED, in part**, and **DENIED, in part**.

## I. BACKGROUND

On August 2, 2007, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Parkland Hospital and "Dr. Khurana Kiram" for denial of medical care while he was a pretrial detainee at the Dallas County Jail.[1] In particular, he alleges that the defendant doctor failed to properly diagnose and treat an infection on his neck, and that as a result, he was required to have two surgeries on his neck. (Answer to Question 1 of Dec. 14, 2007 Answers to Magistrate Judge's Questionnaire.)[2]

---

[1] In the body of his complaint, Plaintiff used several variations of the individual defendant's name, including "Dr. Kiram Khurana," "Dr. Kurana Kiram," and "Dr. Khur. Kirin."

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

By order dated December 21, 2007, this Court granted Plaintiff's motion to proceed *in forma pauperis* and directed the Clerk of the Court to issue summons and deliver the summons, along with a copy of the complaint and Plaintiff's answers to the questionnaires, to the United States Marshal (USM). The order also directed the USM to serve each named defendant and file proof of service in accordance with Fed. R. Civ. P. 4. The Clerk issued a summons utilizing the name provided by Plaintiff in the style of the case, "Dr. Khurana Kiram", and the address provided in the body of the complaint. Defendant's correct name is "Kiran Khurana," and the address on the summons is a post office box maintained by Dallas County Sheriff's Department for inmate correspondence. (Mot. at 3.)

## II.   ANALYSIS

Defendant moves to dismiss this suit, or in the alternative, to quash process as insufficient pursuant to FED. R. CIV. P. 12(b)(4) and to quash service of process as insufficient under FED. R. CIV. P. 12(b)(5). She alleges that because the summons was not issued in her correct name or to a valid personal or business address for her, and she has not been served with a copy of the summons and complaint, the Court has not acquired jurisdiction over her. (Mot. at 3.)

Rule 12(b)(4) allows a defendant to attack the form of the process, rather than the method by which it is served. *See* FED. R. CIV. P. 12(b)(4); *see also Tinsley v. Commissioner of I.R.S.*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998). Rule 12(b)(5), on the other hand, "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *Tinsley*, 1998 WL 59481 at *3. A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Pavlov v. Parsons*, 574 F.Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

Pursuant to Rule 4(c)(1), "[a] summons shall be served together with a copy of the complaint." FED. R. CIV. P. 4(c)(1). The permissible methods of service under Rule 4(e) are limited to: (1) service according to the law of the state in which the district court is located; (2) personal delivery of the summons and complaint upon the individual; (3) "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"; or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. *See* FED. R. CIV. P. 4(e)(1), (2).

In this case, Plaintiff did not correctly name Defendant or provide a valid address for issuance of summons, and Defendant alleges that she did not receive a copy of the summons or complaint. However, dismissal of the action is not appropriate if "'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.'" *Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. CIV. A. 3:01-CV-2327-R, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) (quoting 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1354, at 289 (West 1990)). Dismissal may be appropriate only if "'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'" *Id*. (quoting *Stanga v. McCormick Shipping Corp*., 268 F.2d 544, 554 (5th Cir. 1959)). As an alternative to dismissal, a district court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *See Shabazz v. Service Employees Int's Union*, No. CIV. A 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004)(citing *Cross v. City of Grand Prarie*, No. CIV. A. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998); *Montalbano v. Easco Hand Tools, Inc*., 766 F.2d 737, 740 (2d. Cir. 1985); *Grant-Brooks*, 2002 WL 424566, at *4). Relevant factors for a court to consider in exercising its discretion to quash service or dismiss the complaint include the plaintiff's *pro se* status and good faith attempt to effect service. *See Monroe v. Texas Utilities Company*, No. CIV. A. 3:01-CV-1012-D, 2002 WL 413866, at *2-3 (N.D.Tex. Mar. 11, 2002).

In cases involving litigants proceeding *ifp*, officers of the court issue and serve all process. *Lopez v. San Antonio State Hospital*, No. SA-06-CA-0739 F, 2006 WL 2927695, at * 1 & n.6, n. 7 (W.D. Tex. Oct. 10, 2006), slip copy. Here, Plaintiff *pro se* identified the defendant treating physician by name, although he misspelled her first name and transposed it with her last name. He also provided an address where he thought she could be served. Based on Plaintiff's *ifp* status, service was attempted by the United States Marshal; the certified letter was sent by the USM was received and ultimately forwarded to Defendant's counsel. For these reasons, the Court finds that Plaintiff made a good faith effort to supply the appropriate information to accomplish service on Defendant. *See Lopez*, 2006 WL 2927695, at * 1. The Court further finds that there is a reasonable prospect that Defendant will be properly served, and dismissal is therefore not appropriate. Process and service of process on Defendant should be quashed, and service should be ordered in accordance with Rule 4.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that the *Motion to Dismiss, or in the Alternative, Motion to Quash Process and Service of Process Regarding Dr. Kiran Khurana, M.D.*, filed February 26, 2008, be **GRANTED, in part**, and **DENIED, in part**. The motion to dismiss should be **DENIED**, and the motion to quash process and service of process should be **GRANTED**. The Clerk's Office should be directed to issue summons to Dr. Kiran Khurana,[3] and deliver the summons, along with a copy of the complaint and Plaintiff's answers to the questionnaires, to the USM. The United States Marshal should be directed to serve Dr. Khurana pursuant to Rule 4 within thirty days of the date of the Court's order accepting this recommendation.[4]

---

[3] The Clerk's Office should also be directed to correct Dr. Khurana's name on the docket.

[4] To the extent necessary, the Court should on its own motion extend the time limit for service contemplated by Fed. R. Civ. P. 4(m).

**SO RECOMMENDED** on this 12th day of March, 2008.

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE